

STATE OF MAINE    SUPERIOR COURT
CUMBERLAND, SS.    DOCKET NO. RE- 2016-115

U.S. BANK NATIONAL ASSOCIATION, AS )
TRUSTEE SUCCESSOR IN INTEREST TO )
BANK OF AMERICA, NATIONAL )
ASSOCIATION, AS TRUSTEE AS )
SUCCESSOR BY MERGER TO LASALLE )
BANK NATIONAL ASSOCIATION, AS )
TRUSTEE FOR CERTIFICATEHOLDERS OF )
BEAR STEARNS ASSET BACKED )
SECURITIES I LLC, ASSET-BACKED )
CERTIFICATES, SERIES 2007-HE1, )
 )

STATE OF MAINE
Cumberland, ss, Clerk's Office

NOV 21 2016

RECEIVED

    Plaintiff, )
 ) **ORDER ON**
 ) **PLAINTIFF'S MOTION**
 v. ) **FOR DEFAULT**
 ) **JUDGMENT**
DECISION ONE MORTGAGE COMPANY, )
LLC, )
CITIBANK, NATIONAL ASSOCIATION )
f/k/a CITIBANK FEDERAL SAVINGS BANK, )
 )
    Defendant, ) Plaintiff–John Doonan, Esq.
 ) Defendant Decision One–Pro SE
MORTGAGE ELECTRONIC REGISTRATION ) Defendant Citibank–Pro Se
SYSTEMS, INC., AS NOMINEE FOR ) PIIs–MERS, Kristin McGough and Christian
DECISION ONE MORTGAGE COMPANY, ) McGough all Pro Se
LLC; )
KRISTIN C. MCGOUGH, )
CHRISTIAN MCGOUGH;, )
 )
    Parties-In-Interest )

I. Background

This is an action for declaratory judgment respecting a real estate related

mortgage and title located at 6 Maple Ridge Road, Harrison, County of

Cumberland, State of Maine (the "Property"). On July 13, 2004, Kristin C.

McGough and Christian McGough executed and delivered to Decision One

Mortgage Company, LLC a promissory note in the amount of $162,000.00. That

same day, Kristin C. McGough and Christian McGough executed a mortgage

1

deed in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Decision One Mortgage Company, LLC, securing the Property. The mortgage deed is recorded in the Cumberland County Registry of Deeds in Book 21562, Page 149. On April 16, 2010, Kristin C. McGough and Christian McGough executed a Loan Modification Agreement that increased the principal balance to $169,728.28. On March 13, 2012, MERS, acting as nominee for Decision One Mortgage Company, LLC, assigned the mortgage to U.S. Bank National Association, as Trustee, Successor in interest to Bank of America, National Association, as Successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Sterns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HEI ("U.S. Bank National Association") by an Assignment of Mortgage recorded in the Cumberland County Registry of Deeds in Book 29466, Page 114, and corrected by a Corrective Assignment of Mortgage dated March 12, 2013 and recorded in the Cumberland County Registry of Deeds in Book 30503, Page 148.[1]

Plaintiff filed an action seeking Declaratory Judgment that Plaintiff is the owner of the mortgage on April 8, 2015. On October 24, 2016, Plaintiff filed a Motion for Quiet Title and Partial Default Judgment and Judgment on the Pleadings with the Court.

II.    Discussion

Plaintiff, U.S. Bank National Association, moves the Court to enter default judgment against Defendants Decision One Mortgage Company, LLC and

---

[1] Plaintiff has named Citibank, National Association f/k/a Citibank Federal Savings Bank ("Citibank") as a Defendant along with Decision One Mortgage Company, LLC. Plaintiff has failed to offer explanation for the inclusion of Citibank as a Defendant and Citibank's relationship to the mortgage at issue. The Court seeks clarification.

2

Citibank National Association, and Parties in Interest MERS as nominee for Decision One Mortgage Company, LLC, Kristin McGough, and Christian McGough on Plaintiff's Declaratory Judgment action. Plaintiff's action for Declaratory Judgment seeks order from the Court affirming Plaintiff's ownership rights as assigned by MERS, and declaring Plaintiff the owner of the subject property. Essentially, Plaintiff seeks a Declaratory Judgment that as the current holder of the note, U.S. Bank National Association has title to a mortgage originally granted to Decision One Mortgage Company, LLC.

Plaintiff seeks Declaratory Judgment of its ownership of the mortgage in order to resolve a *Greenleaf* problem. *Bank of America v. Greenleaf*, 2014 ME 49, 96 A.3d 700. Because the mortgage was assigned by MERS to U.S. Bank National Association as nominee for Decision One Mortgage Company, LLC, there is no valid assignment out of Decision One Mortgage Company, LLC, and the note holder does not have standing to foreclose at this time.

Plaintiff argues that because Defendant Decision One Mortgage Company has failed to appear, it is entitled to an order confirming the validity of the assignment by MERS as nominee for Decision One Mortgage Company. With such confirmation, Plaintiff argues that it will have established that U.S. Bank National Association is both the note holder and mortgage owner.

The Court questions the validity of the Assignment in question. The Assignment was executed on March 13, 2012. Decision One Mortgage Company, LLC was dissolved on September 21, 2007. Because Decision One Mortgage Company, LLC no longer existed at the time of the Assignment, the Court finds that any assignment made by MERS on behalf of Decision One Mortgage Company, LLC was invalid.

3

Additionally, it is not clear to the Court that declaratory judgment is appropriate in this case. Maine's Declaratory Judgment Act gives the court the power to "declare rights, status, and other legal relations" when doing so will "terminate the controversy or remove an uncertainty." 14 M.R.S. §§ 5953, 5957. In the current case, it is not apparent that a determination by the Court as to whether Plaintiff owns the mortgage will remove uncertainty. If the Court determines that Plaintiff does not own the mortgage, the remaining parties would still be free to litigate the ownership of the mortgage. See 14 M.R.S. § 5958.

Finally, even if the Assignment had been valid, and even if the Court found that a declaration of whether Plaintiff does, in fact, own the mortgage would remove uncertainty, the Court would be obligated to set hearing to determine the truth of Plaintiff's assertion of ownership.

III.     Conclusion

Plaintiff's Motion for Default Judgment is denied.

Dated 11/21/16 .

Lance Walker
Justice, Superior Court